UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD SIDNEY RACE,

    Petitioner,

Case No. 1:15-cv-616

v.

Hon. Robert J. Jonker

SHAWN BREWER,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. This matter is now before the court on respondent's motion to dismiss the petition as moot (docket no. 8). Respondent's motion is unopposed.

    **I.**    **Background**

In October 2009, petitioner pleaded nolo contendere to two counts of second-degree criminal sexual conduct (CSC II), M.C.L. § 750.520c(1)(a), and one count of gross indecency between males, M.C.L. § 750.338. *People v. Race*, No. 310210, 2013 WL 4081172 at *1 (Mich. App. Aug. 13, 2013). The CSC II charges arose in Mecosta County case no. 09-006574-FC (docket no. 9-1, PageID.43), while the gross indecency charge arose in Mecosta County case no. 09-006659-FH (docket no. 9-2, PageID.64). On November 16, 2009, Mecosta Circuit Court Judge Ronald C. Nichols sentenced petitioner to five years probation and 365 days in jail, with credit for time served. Sent. Trans. (docket no. 9-9, PageID.248-252); Judgment of sentence (docket no. 9-20, PageID.472-

476).  On May 13, 2011, Judge Nichols found that petitioner had violated his probation due to an incident which occurred on March 29, 2011.  Probation Violation Hearing (docket no. 9-18, PageID.392, 408, 451-453).  On May 31, 2011, Judge Nichols revoked petitioner's probation, and sentenced him to concurrent terms of 3 to 5 years for gross indecency, and 5 years, 11 months to 15 years for the two CSC II convictions, with credit for 472 days served.  Sent. Trans. (docket no. 9-19, PageID.464-467); Judgment of sentence (docket no. 9-20, PageID.475-478).

Petitioner filed an appeal, which the Michigan Court of Appeals dismissed for lack of jurisdiction because his plea of no contest was not appealable as a matter of right.  *People v. Race*, No. 305319 (Mich. App. Aug. 16, 2011) (docket no. 9-20, PageID.471).  There is no record that petitioner appealed this order to the Michigan Supreme Court.  *See* Larry Royster Aff. (docket no. 9-21).

Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals raising the following issue:

> I.  Did the trial court violate [petitioner's] right to due process where the court made the decision to revoke probation based on conduct which was neither charged in the petition, admitted by [petitioner] in the trial court, nor established at a hearing on the violation?

*See* Petitioner's Brief (docket no. 9-22, PageID.495).  The Michigan Court of Appeals denied leave for lack of merit in the grounds presented.  *People v. Race*, No. 310210 (Mich. App. June 19, 2012) (docket no. 9-22, PageID.649).  Petitioner sought relief in the Michigan Supreme Court, which, in lieu of granting leave to appeal remanded the case to the Michigan Court of Appeals "for consideration as on leave granted."  *People v. Race*, No. 145587 (Mich. Nov. 20, 2012) (docket no. 9-23, PageID.724).  On remand, the Michigan Court of Appeals vacated petitioner's sentence and

remanded the case to the trial court for resentencing "[b]ecause insufficient evidence supported one of the counts that [petitioner] violated his probation." *People v. Race*, No. 310210 (Mich. App. Aug. 13, 2013) (docket no. 9-22, PageID.482-487).

On remand, Judge Nichols found petitioner guilty of count 5, which was a violation of probation condition 4.6, i.e., "[y]ou must not have any verbal, written, electronic, or physical contact with Ms. Cushman or the children either directly or through another person and you must not be within 500 feet of the residence, school, or place of employment." Resentencing Trans. (Oct. 28, 2013) (docket no. 9-24, PageID.847). Judge Nichols found that on March 29, 2011, petitioner was within 500 feet of one of the victims "by being at a bus stop where other children were unloading." *Id.* At the hearing, Judge Nichols resentenced petitioner to 5 to 15 years "with credit for what he has coming." *Id.* at PageID.850-851. The Amended Judgment of Sentence dated October 28, 2013, sentenced petitioner to 5 to 15 years on the CSC II convictions, with credit for 988 days served. Amended Judgment of Sentence (docket no. 9-25, PageID.905-906). There is no record that petitioner was resentenced on the gross indecency conviction.

Petitioner challenged the resentencing by filing a delayed application for leave to appeal to the Michigan Court of Appeals which raised four issues and sub-issues:

> I.  Is resentencing required where the trial court laboring under a misconception of the law, made its sentencing decision based on uncharged conduct which was not prohibited in the probation condition 4.6 where [petitioner] was not prohibited from being within 500 feet of [a child], there was no verbal, written, electronic or physical contact with any minors and the court's entire resentencing rationale was based on uncharged conduct that was expressly rejected by this court since the petition did not charge [petitioner] with being within 500 feet of a school bus?

      I.A.    Did the trial court violate [petitioner's] right to due process where the court made the decision to sentence [petitioner] based solely on conduct which was not charged and which was not a violation of probation under condition 4.6?

      I.B.    Should a different judge preside over the resentencing where Judge Nichol's decision make [sic] it clear that he is unable to put aside strong feelings about this particular defendant and the particular circumstances of the case?

    II.    Must [petitioner] be resentenced where the trial court did not address or resentence [petitioner] on case no. 2009-6659-FH at resentencing and there was no known judgment of sentence generated for 2009-6659-FH from the October 2013 hearing?

Petitioner's Application (docket no. 9-25, PageID.863). The Michigan Court of Appeals denied the application for lack of merit in the grounds presented. *People v. Race*, No. 321623 (Mich. App. June 11, 2014) (docket no. 9-25, PageID.855). Petitioner raised the same grounds in his application for leave to appeal filed in the Michigan Supreme Court, which was denied because it was not persuaded that the questions presented should be reviewed. *People v. Race*, No. 149600 (Mich. Oct. 28, 2014) (docket no. 9-26, PageID.954). Petitioner raised the same four grounds in the present habeas petition as Issues I, II, III and IV, respectively. *See* Petition (docket no. 1).

    **II.**    **Discussion**

    **A.**    **Legal standard**

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Where the state court has adjudicated a claim

on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In this case, petitioner does not challenge the validity of any of his convictions. Rather, he challenges the length of his sentences and seeks a resentencing. Respondent contends that petitioner's habeas claims are moot because: petitioner does not challenge the validity his convictions; petitioner challenges only the minimum sentences imposed of 5 years; petitioner has served more than the minimum sentences; the maximum sentence of 15 years for the CSC II convictions are set by statute; and, petitioner is eligible for parole. In short, respondent contends that the habeas petition is moot because this Court cannot grant petitioner any relief.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979). This occurs when "(1) it can be said with assurance that there is no reasonable expectation . . . that the alleged violation will recur," and "(2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Id*. "When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final

determination of the underlying questions of fact and law." *Id.* In the case of a habeas petition, "[a]n incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978 (1998). "Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole - some 'collateral consequence' of the conviction - must exist if the suit is to be maintained." *Id.*[1] However, when a habeas petition is limited to challenging the length of the prisoner's sentence rather than his conviction, "there are no presumed or actual post-release consequences precluding a finding of mootness." *Bollar v. Miller*, No. 4:09CV472, 2009 WL 5217098 at *4 (N.D. Ohio Dec. 30, 2009). "[I]f a prisoner does not challenge the validity of the conviction but rather only challenges his sentence or some aspect of it, the request for relief is moot once the challenged portion of the sentence has expired." *United States v. Waltanen*, 356 Fed. Appx. 848, 851 (6th Cir. 2009) (internal quotation marks omitted). *See Wolcott v. Superior Court Division of The Trial Court of Massachusetts*, 133 F. Supp. 3d 309, 311 (D. Mass. 2015) ("a petition for habeas corpus challenging only a sentence and no[t] the underlying conviction is not entitled to a presumption that collateral consequences to the incarceration exist") (internal quotation marks omitted).

      **B.**      **Petitioner's sentence for gross indecency**

---

[1] Examples of collateral consequences include deprivation of the right to vote, to hold office, to serve on a jury, to engage in certain businesses, or serve as an official in a labor union. *See Spencer*, 523 U.S. at 8-9.

Respondent has pointed out that petitioner "has served just over six years of his sentence." Respondent's Brief (docket no. 8, PageID.35). In this regard, the Court takes judicial notice of the Michigan Department of Corrections (MDOC) Offender Tracking Information Service (OTIS) records, which reflect that petitioner served his minimum sentences for the CSC II convictions as of February 12, 2015, and that he served his maximum sentence for gross indecency, being discharged from the MDOC for the latter conviction on that date.[2] Given this record, there is no relief that can be granted with respect to changing the sentence for the gross indecency conviction. *See Hood v. Wilson*, 389 Fed. Appx. 522 (6th Cir. 2010) (where the sole issue raised in a habeas petition involved a failure to challenge the petitioner's sentence of incarceration, and the petitioner has served the challenged portion of his sentence, his petition should be dismissed as moot); *Waltanen*, 356 Fed. Appx. at 851; *Hood Brown v. United States*, No. 3:02CR341 EBB, 2013 WL 6728825 at *2 (D. Conn. Dec. 19, 2013) ("Brown's habeas petition, which seeks a correction of sentence but does not contest the underlying conviction, is moot since the length of his sentence is no longer a 'live' issue as Brown has served the sentence of imprisonment the Court imposed."). Accordingly, respondent's motion to dismiss should be granted with respect to Issue IV.

### C. Petitioner's sentences for CSC II

Respondents contend that this Court cannot grant petitioner relief with respect to the CSC II sentences because he has served the minimum sentences and the state trial court cannot reduce the maximum sentences. The Court agrees. Petitioner received indeterminate sentences of 5 to 15 years for his CSC II convictions. "An indeterminate sentence is one of an unspecified duration, such as one for a term of 10 to 20 years." *People v. Lockridge*, 498 Mich. 358, 416-17, 870

---

[2] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=276299.

N.W.2d 502 (2015). "In Michigan, for instance, the law provides that the maximum portion of a defendant's' indeterminate sentence must be the 'maximum penalty provided by law[.]' " *People v. Harper*, 479 Mich. 599, 612, 739 N.W.2d 523 (2007) (footnote omitted). "While the sentencing judge fixes the minimum portion of a defendant's indeterminate sentence, a defendant is still liable to serve his maximum sentence and may only be released before the maximum term has expired at the discretion of the parole board. *Id.* at 613 (footnote omitted).

Because petitioner has served his five year minimum sentence, this Court can offer him no relief with respect to that sentence. *See, e.g, People v. Tombs*, 260 Mich. App. 201, 220, 679 N.W.2d 77, 88 (2003), affirmed, 472 Mich. 446, 697 N.W.2d 494 (2005) (overruled on other grounds) (where the defendant had already served his minimum sentence under the sentencing guidelines, defendant's claim that the trial court erred in calculating the guidelines was moot on appeal because the appellate court was unable to provide a remedy for the alleged erroneous calculation); *People v. Rutherford*, 208 Mich.App. 198, 204, 526 N.W.2d 620, 623 (1994) (declining to review a proportionality challenge to a defendant's sentence where the defendant had already served his minimum sentence and noting that an issue becomes moot when a subsequent event renders it impossible for the court to fashion a remedy).[3]

---

[3] The Court notes that in *Lockridge*, the Michigan Supreme Court held that an aspect of Michigan's indeterminate sentencing scheme was found unconstitutional, i.e., "[b]ecause Michigan's sentencing guidelines scheme allows judges to find by a preponderance of the evidence facts that are then used to compel an increase in the mandatory minimum punishment a defendant receives, it violates the Sixth Amendment to the United States Constitution under *Alleyne* [*v. United States*, -- U.S. --, 133 S.Ct. 2151 (2013)]." *Lockridge*, 498 Mich. at 399. However, petitioner's claim did not raise a *Lockridge* issue. Even if petitioner had challenged his minimum sentence on this ground, it would be moot because he has served that sentence.

In addition, under Michigan's sentencing scheme, there is no relief that this Court can grant petitioner with respect to his maximum sentence. The relevant statute, M.C.L. § 750.520c(2)(a), provides that "(2) Criminal sexual conduct in the second degree is a felony punishable as follows: (a) By imprisonment for not more than 15 years." Under M.C.L. § 769.8 ("Indeterminate sentence; first conviction"), Judge Nichols was required to impose the maximum sentence set by M.C.L. § 750.520c(2)(a):

> When a person is convicted for the first time for committing a felony and the punishment prescribed by law for that offense may be imprisonment in a state prison, the court imposing sentence shall not fix a definite term of imprisonment, but shall fix a minimum term, except as otherwise provided in this chapter. The maximum penalty provided by law shall be the maximum sentence in all cases except as provided in this chapter and shall be stated by the judge in imposing the sentence.

M.C.L. § 769.8(1). *See, e.g., People v. Foster*, 495 Mich. 1004, 846 N.W.2d 555 (Order) (2014) (citing M.C.L. § 769.8(1), the Michigan Supreme Court held that "[t]he trial court was without authority to impose a maximum sentence other than that provided by law"). While M.C.L. § 769.8(1) refers to statutory exceptions, the record does not reflect that any such exception applies in this case.[4]

Pursuant to M.C.L. § 769.8(1), Judge Nichols was required to impose the statutory maximum sentence of 15 years. There is no relief that this Court can grant petitioner to reduce this maximum sentence as required by state law. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (the state courts are the ultimate expositors of state law in federal habeas proceedings). Accordingly, respondent's motion to dismiss should be granted as to Issues I, II and III.

---

[4] *See, e.g.*, M.C.L. § 769.9(1) ("The provisions of this chapter relative to indeterminate sentences shall not apply to a person convicted for the commission of an offense for which the only punishment prescribed by law is imprisonment for life.").

### III. Recommendation

I respectfully recommend that respondent's motion to dismiss (docket no. 8) be **GRANTED** and that the petition be **DISMISSED** as moot.

I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: July 22, 2016              /s/ Ray Kent
                                  RAY KENT
                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).