UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GERALD SIDNEY RACE,

                Petitioner,

                                                CASE NO. 1:15-CV-616

v.

                                                HON. ROBERT J. JONKER

SHAWN BREWER,

                Respondent.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION AS SUPPLEMENTED

        The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 10) and Petitioner's Objections to the Report and Recommendation (ECF No. 11).  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections.  After its review, the Court agrees with the Magistrate

Judge that Petitioner is not entitled to relief.  The Court rests its own view on the lack of merit to Petitioner's claim, rather than on mootness grounds.

Petitioner is complaining about a sentence he is still serving for violation of a condition of his probation based on his being too close to a victim on March 29, 2011.  The original probation revocation sentence was imposed on May 31, 2011, and was later vacated within the Michigan appellate system.  On remand, Petitioner was ultimately sentenced on October 28, 2013, to a 5 to 15 year indeterminate sentence for violation of probation on two CSC-II convictions.  Additional details are in the Report and Recommendation.

The Magistrate Judge construed the Petition as a narrow attack on Petitioner's sentence only, and not the validity of the underlying convictions or order revoking probation (ECF No. 10).  The Magistrate Judge then concluded there was no relief this Court could possibly give because Petitioner had already served the minimum term of custody, which must be served under Michigan law, and that the maximum term is mandatory, automatic, and fixed by law, and therefore not open to judicial relief.  The Magistrate Judge's conclusion is understandable considering that Respondent filed motion papers on exactly this theory, seeking dismissal of the Petition as moot, and Petitioner filed no response.  And if all Petitioner were seeking is a new sentence from a state law judge for the same adjudicated offenses, there would be no practical relief for these reasons.

The Court is not content to rest denial of relief on that ground alone, however, because it is at least possible to read Petitioner's claim as seeking more than narrow sentencing relief, and to rest on a broader challenge to the validity of the state court's adjudication of guilt.  Petitioner does, after all, request return to probation status and release from custody.  And while a person remains in custody based on the challenged judgment of a state court, a live controversy is almost automatically presumed.  Ultimately, however, the Court agrees with the Magistrate Judge's conclusion that no relief is appropriate, because Petitioner's claim fails on the merits.

2

The probation violation that led to Petitioner's current custody rested on Count 5 in the motion for the probation revocation:

> Violation of Condition 4.6 - You must not have verbal, written, electronic, or physical contact with Mrs. Cushman or the children either directly or through another person and you must not be within 500 feet of their residence, school, or place of employment.  On 3/29/2011 you were within 500 feet of [EH] (victim) by being at a bus stop where other children were unloaded.

Motion and Affidavit (ECF No. 9-25, PageID.909).  The trial judge found that petitioner violated condition 4.6 because he  "was within 500 feet of a school bus stop."  In reaching this determination, the judge construed a "bus stop" to be an extension of the victim's school.  *Id.*; Resentencing Trans. (Oct. 28, 2013) (ECF No. 9-24, PageID.846-849).  Petitioner does not contest the factual finding that he was within 500 feet of the school bus stop.  He merely tries to argue as a matter of due process that the trial judge erred by treating a bus stop as an extension of the school.

Petitioner has no legal basis for federal habeas relief on this theory.  The state court's legal interpretation of the conduct prohibited under condition 4.6, i.e., whether a school bus stop is an extension of a school for purposes of the 500 foot prohibition, is a question of state law not subject to federal habeas review.  *See Rehkopf v. Berghuis*, No. 1:09-cv-116, 2011 WL 5599019 at *4 (W.D. Mich. Oct. 27, 2011), report and recommendation adopted, 2011 WL 5598898 (W.D. Mich. Nov. 17, 2011) ("petitioner cannot seek federal habeas relief based upon his disagreement with the state court's construction of state-issued probation conditions").  *See also, Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (the United States Supreme Court "repeatedly has held that the state courts are the ultimate expositors of state law" in federal habeas proceedings).  The state appellate process did not overturn the trial judge's determination.

But even if the Court construes the Petition as raising a due process challenge to the trial court's order revoking probation, the challenge fails on the merits.  In identifying the procedural requirements of due process, the Supreme Court has observed "that the decision to revoke probation typically involves two distinct components: (1) a retrospective factual question whether the probationer has violated a condition

of probation; and (2) a discretionary determination by the sentencing authority whether violation of a condition warrants revocation of probation." *Black v. Romano*, 471 U.S. 606, 611. "The probationer is entitled to written notice of the claimed violations of his probation; disclosure of the evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; a neutral hearing body; and a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation." *Id.* at 612. Here, the state court record reflects that petitioner received the due process afforded to a probationer facing revocation. *See* Hearing Trans. (April 7, 2011) (ECF Nos. 9-14, 9-15); Hearing Trans. (April 18, 2011) (ECF Nos. 9-16 and 9-17); Hearing Trans. (May 13, 2011) (ECF No. 9-18); Sentencing Trans. (May 31, 2011) (ECF No. 9-19);  Resentencing Trans.; and Amended Judgment of Sentence (ECF No. 9-25, PageID.905-906).  To the extent Petitioner is claiming violations of his right to due process, the claim fails on the merits.

The Court concludes that the Magistrate Judge properly determined that Petitioner is not entitled to federal habeas relief, and further concludes that the Petition is subject to dismissal on the merits.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability.  FED. R. APP. P. 22(b); see also, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)").  However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'"  *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In this case, Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, he is not entitled to a certificate of appealability.

Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 10) as supplemented by this Order is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1.      Respondent's Motion to Dismiss (ECF No. 8) is **GRANTED**.

2.      Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**.

3.      Petitioner is **DENIED** a certificate of appealability.


Dated:      September 29, 2016               /s/ Robert J. Jonker
                                             ROBERT J. JONKER
                                             CHIEF UNITED STATES DISTRICT JUDGE

5